**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raysene Hall, | No. CV-25-00139-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Antonio Apodaca, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Raysene Hall's ("Plaintiff") Motion for Leave to File a Second Amended Complaint (Doc. 34), Motion for Leave to File Third Amended Complaint (Doc. 49), and Motion Under Rule 56(d) for Extension to Conduct Discovery (Doc. 48). Also before the Court is Defendants Antonio Apodaca ("Apodaca"), Jeffrey Glesinger ("Glesinger"), Jesse Giles ("Giles"), and Jennifer Hawkins' ("Hawkins") (together, "Officers") Motion for Partial Summary Judgment (Doc. 28).

The Court decides the matter without oral argument under District of Arizona Local Rule of Civil Procedure ("LRCiv.") 7.2(f). For the following reasons, the Court denies Plaintiff's motions (Doc. 34, 48, and 49), and grants Officers' Motion for Partial Summary Judgment (Doc. 28).

## I.    Procedural Background

Plaintiff filed her original Complaint on February 26, 2025, against the Tucson Police Department and Apodaca. (Doc. 1.) The original Complaint was removed to this Court on March 26, 2025, under 28 U.S.C. § 1441 and LRCiv. 3.6. (*Id.*) Defendant

Apodaca answered the original Complaint on April 4, 2025. (Doc. 4.) Plaintiff filed her first Motion to Amend/Correct the Complaint on April 17, 2025 (Doc. 8), which this Court denied for failure to comply with LRCiv. 15.1 (Doc. 10).

Plaintiff then filed her First Amended Complaint ("FAC") with leave of the Court on June 2, 2025 (Doc. 19). The FAC alleges that on December 20, 2024, Plaintiff was involved in an altercation with the Officers in which she was tackled and handcuffed and suffered injuries. (Doc. 19.) Plaintiff named the Officers and the City of Tucson ("COT") as Defendants. (*Id.*) All Defendants jointly filed their Answer to the FAC ("Answer") on June 16, 2025. (Doc. 20.)

On June 26, 2025, the Court issued a Scheduling Order setting August 25, 2025, as the deadline to amend the Complaint. (Doc. 26.) On July 11, 2025, the Officers filed a Motion for Partial Summary Judgment, seeking to dismiss Plaintiff's state law claims against the Officers for failure to comply with the notice of claim requirements in A.R.S. § 12-821.01. (Doc. 28.)

Then, on July 25, 2025, Plaintiff filed her Response to Officers' Motion for Partial Summary Judgment (Doc. 33) and a Motion for Leave to File Second Amended Complaint (Doc. 34). On August 29, 2025, the Officers filed their Reply to Plaintiff's Response (Doc. 39), and a Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 41).

Finally, on September 19, 2025, Plaintiff filed a Motion under Rule 56(d) for Extension to Conduct Discovery (Doc. 48), and Motion for Leave to File a Third Amended Complaint (Doc. 49).

This Order first addresses Plaintiff's motions to amend her FAC, then Plaintiff's motion under Rule 56(d), and finally Officers' Motion for Partial Summary Judgment.

## II.    Motions to Amend FAC

### a.    Standard of Review

A plaintiff wishing to amend her complaint must first comply with the filing requirements in LRCiv. 15.1. Then, typically Federal Rule of Civil Procedure ("Rule") 15 governs amended pleadings. Under Rule 15(a)(2), a court "should freely give leave [to

amend pleadings] when justice so requires." Courts apply this policy with "extreme liberality" to facilitate decisions on the merits, rather than on the pleadings or technicalities. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). Nonetheless, a district court has discretion in granting leave and considers five factors in "assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014) (quoting *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.2011)). But courts apply an especially permissive standard in granting leave to amend where, as here, the plaintiff is pro se. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2022).

However, if the court-ordered deadline for amending pleadings has passed, Rule 16 governs, rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b) provides that a "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ. P. 16(b). For purposes of Rule 16, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609. Thus, when a party seeks to amend the complaint after the deadline for amendment has passed, the moving party must first show "good cause" for modification of the scheduling order under Rule 16(b), then the party must show the amendment is proper under Rule 15. *Id.* at 608.

### b.    Neither of Plaintiff's motions to amend comply with LRCiv. 15.1.

LRCiv. 15.1 outlines the following requirements for amended pleadings:

A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Both motions to amend fail to comply with these requirements. (*See* Docs. 34, 35, 49.) Nonetheless, the Court will address the motions on the merits.

### c.    Motion for Leave to File Second Amended Complaint (Doc. 34)

Plaintiff's Motion for Leave to File a Second Amended Complaint seeks to (1) amend the factual allegations to a brief summary; (2) amend the Excessive Force and False Arrest claims and allege them under 42 U.S.C. § 1983; (3) amend the Excessive Force and False Arrest claims to be against each individual officer in his/her personal capacity; (4) remove a separate claim for violation of § 1983; (5) remove the request for injunctive relief; and (6) increase the punitive and compensatory damages amount from $1,500,000 to $10,000,000 based on newly discovered medical evidence.[1] (Docs. 34 at 1; 35 at 1–2.) Because Plaintiff filed this motion before the August 25, 2025 deadline to amend the Complaint, Rule 15 governs.

Officers' Response argues Plaintiff's motion was unduly delayed, and granting Plaintiff leave to amend would be futile and prejudice Officers. (Doc. 41 at 2–3.) Specifically, Officers argue Plaintiff can disclose her newly discovered medical evidence during discovery and can already seek punitive damages under 42 U.S.C. § 1983. (*Id.* at 1–2.) Officers also argue amendment would prejudice them because all Defendants have already answered Plaintiff's Complaint, engaged in motion practice, and filed a Motion for Partial Summary Judgment. (*Id.* at 2–3.) Along these same lines, Officers argue granting leave to amend would permit Plaintiff to circumvent partial summary judgment on her False Arrest claim, forcing "them to re-litigate issues already raised in the pending dispositive motion; expand the scope of litigation without materially altering Plaintiff's existing claims; and delay resolution of the issues currently before the Court." (*Id.*)

The Court disagrees that Plaintiff's motion to amend was unduly delayed and that amendment would unduly prejudice the Officers. The litigation is still at a fairly early stage. Although the parties have engaged in motion practice and there is a pending dispositive motion, ample time remains until the close of discovery on April 24, 2026. (Doc. 26). *C.f.*, *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 767 (9th Cir. 2015) (upholding

---

[1] The motion also proposes adding a claim for Intentional Infliction of Emotional Distress ("IIED") (Doc. 34-1 at 4), but as Officers' Response points out (Doc. 41 at 3), this claim is already in the FAC. (*See* Doc. 19.)

denial where leave to amend would necessitate reopening discovery or conducting a new trial). Moreover, Plaintiff is not seeking to assert entirely new legal theories or greatly alter the litigation's nature. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The FAC asserts claims for Excessive Force, False Arrest and Imprisonment, Violation of § 1983, and IIED. The proposed SAC would state materially the same claims for Excessive Force under § 1983, False Arrest under § 1983, and IIED. And although the proposed amendments would remove Plaintiff's false arrest claim from the purview of A.R.S. § 12-821.01, avoiding Officers' Partial Motion for Summary Judgment, this is not enough, alone, to show undue prejudice.

Nonetheless, granting Plaintiff's Motion to File a Second Amended Complaint would be futile. Futility "can, by itself, justify the denial of a motion for leave to amend." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021). "Amendment is futile if the claim sought to be added is not viable on the merits." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts accept all factual allegations in a complaint as true, dismissal is proper if a complaint relies solely upon legally conclusory statements not supported by actual factual allegations. *Id.* at 686. Further, an amended complaint supersedes the original complaint and renders the original without legal effect. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, in determining if an amended complaint is legally sufficient, a court cannot consider facts from the earlier complaint that are not included in the later amended complaint. *See Scott v. Chulank & Tescon, P.C.*, 725 F.3d 772, 783–84 (7th Cir. 2013).

Plaintiff's proposed SAC would not survive a motion to dismiss under Rule 12(b)(6). The amended complaint would remove nearly all factual context to support

Plaintiff's claims, leaving primarily conclusory statements in their place. Indeed, the proposed amendments read as a "formulaic recitation of the elements of [each] cause of action." *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). (*See, e.g.*, Doc. 35 at 1–2 ("Plaintiff was involved in an encounter with Defendant Officers during which she was subjected to excessive and unreasonable force."), ("Plaintiff was arrested without probable cause, in violation of the Fourth and Fourteenth Amendments.").) Whether the Officers' force was excessive or unreasonable or whether Plaintiff was arrested without probable cause or justification are legal questions, not factual allegations. Even applying the more liberal standard for pro se plaintiffs, Plaintiff's proposed SAC is insufficient as a matter of law. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe pro se filings liberally when evaluating them under *Iqbal* [and *Twombly*].").

Because Plaintiff fails to provide factual allegations to support her legal conclusions, amendment would not survive dismissal as a matter of law and would be futile. As such, the Court will deny Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 34.)

### d. Motion for Leave to File a Third Amended Complaint (Doc. 49)

The Motion for Leave to File a Third Amended Complaint seeks leave to amend under Rules 15(a) and (c) to (1) assert claims against the Officers in their individual capacities; (2) add a claim of First Amendment Retaliation against Officer Apodaca; and (3) claim damages in the amount of $10,000,000. (Doc. 49.)

Officers' Response argues granting Plaintiff leave to amend would cause undue delay, be futile, and prejudice Officers. (Doc. 58.) Because Plaintiff filed this motion past the August 25, 2025 deadline to amend the FAC, Rule 16 governs. *See Johnson*, 975 F.2d at 609. Under Rule 16(b), "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609. "[T]he focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification" of the scheduling order. *Id.* For example, courts often consider if the party discovered new information that impacted the party's ability to comply with the scheduling deadlines. *See Zivkovic v. S.*

*Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002); *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (same). But "[i]f the party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 608.

Plaintiff does not meet the Rule 16(b) "good cause" standard. Plaintiff does not explain her failure to meet the Court's deadline to amend the FAC, nor does Plaintiff allege she was unable to comply with the deadline despite her diligence. Her proposed amendments are not based on new information that compelled the delayed filing. The motion seeks to add a count of First Amendment Retaliation against Apodaca that is based on Plaintiff's own personal experience during the December 20, 2024 incident.

The Court recognizes Plaintiff filed her motions pro se and may have been unaware of the requirements of Rule 16(b). However, even a good faith mistake "establishe[s] no more than inadvertence," which is not a sufficient reason to modify the Court's scheduling order. *C.f.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding pro se plaintiff's "good faith mistake" because he was unaware of the applicable procedural rule was an insufficient basis to grant relief from an untimely jury demand). The Court will deny the motion. (Doc. 49.)

### III.    Motion Under Rule 56(d) for Extension to Conduct Discovery (Doc. 48)

Plaintiff moves under Rule 56(d) for the Court to deny or defer Defendant's Motion for Partial Summary Judgment, stating "critical discovery remains outstanding, and genuine disputes of material fact exist that cannot be resolved without completion of that discovery." (Doc. 48.) Because Plaintiff did not timely file a controverting statement of facts, the Court construes the Officers' statement of facts as uncontroverted for summary judgment purposes. *See* Fed. R. Civ. P. 56(e)(2). As such, there are no material facts in dispute. Further, none of the discovery Plaintiff seeks in her motion relates to Officers' Motion for Partial Summary Judgment. Accordingly, the Court will deny the motion. (Doc. 48.)

### IV.    Officers' Motion for Partial Summary Judgment (Doc. 28)

#### a.    Factual Background

On December 20, 2024, Plaintiff was involved in an altercation with the Officers,

who are employed by the COT. (Doc. 28 at 2.) On January 24, 2024, Plaintiff delivered a notice of claim to the Office of the City Clerk ("City Clerk") pertaining to the altercation. (Doc. 28 at 2, Doc. 29-1 at 10–16.) A City Clerk employee filled out a claim form accepting service on the COT's behalf and Plaintiff signed the form. (Doc. 28 at 2; Doc. 29-1 at 10.)

On June 20, 2025, Plaintiff served the City Clerk with a document titled "First Amended Complaint – For Excessive Use of Force, False Arrest, and Violation of Civil Rights." (Doc. 28 at 2–3; Doc. 29-1 at 19–22.) A City Clerk employee filled out a claim form accepting service on behalf of the COT, Apodaca, Glesinger, and Giles, and Plaintiff signed the form. (Doc. 28 at 2–3; Doc. 29 at 2; Doc. 29-1 at 19.)

Finally, on June 25, 2025, Plaintiff served the City Clerk with four notices of claim, each naming the COT, Apodaca, Glesinger, and Giles. (Doc. 28 at 3; Doc. 29-1 at 24–33.) A City Clerk employee filled out separate claim forms accepting service on behalf of the COT, Apodaca, Glesinger, and Giles, and Plaintiff signed each form. (Doc. 28 at 3; Doc. 29-1 at 24–33.)

### b. Motion for Partial Summary Judgment (Doc. 28)

Officers' Motion for Partial Summary Judgment requests the Court dismiss Plaintiff's state law claims for False Arrest and Imprisonment and IIED, arguing Plaintiff failed to give Officers notice of her claims within 180 days of the claims' accrual as required under A.R.S. § 12-821.01(A). (Doc. 28 at 4–5.) Officers argue City Clerk personnel did not accept service from Plaintiff on behalf of Apodaca, Glesinger, and Giles until June 20, 2025—two days after the statutory deadline. (*Id.* at 4.) Finally, Officers allege Plaintiff never served Hawkins with a notice of claim.[2] (*Id.* at 3.)

---

[2] Officers also argue the June 20, 2025 notice of claim lacked a sum certain amount the claims could be settled for, as required under § 12-821.01(A). (Doc. 28 at 5.) The Court agrees. The sum certain requirement is "clear and unequivocal" and "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *City of Mesa v. Ryan*, 557 P.3d 316, 319 (Ariz. 2024) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 493 (Ariz. 2007)). Plaintiff's June 20, 2025 notice of claim was in the form of a complaint, listing specific amounts of compensatory and punitive damages, but also seeking injunctive relief and "any other relief deemed just and proper." (Doc. 29-1 at 19–22.) This notice fails to comply with the sum certain amount requirement, impermissibly "leav[ing] room for debate about what the public entity [and employees] must pay to settle the claim." *City of Mesa*, 557 P.3d at 319.

In Response, Plaintiff argues she substantially complied with § 12-821.01(A) by timely filing a notice of claim implicating the COT and Officers, and that Arizona law recognizes "a notice of claim need not be served on each individual officer where the City and its counsel are given actual notice." (Doc. 33 at 1–2). Plaintiff also claims equitable estoppel bars Officers' motion because Officers' attorney "explicitly instructed Plaintiff not to contact any [COT] employee and that all communications must go through her." (*Id.* at 2.) As support, Plaintiff attaches an April 21, 2025, email from Officers' attorney. (*Id.* at 7–8.)

### c.    Legal Standard for Summary Judgment

Summary judgment is appropriate when the parties have no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986). As the nonmovant, the Court draws all justifiable fact inferences in Plaintiff's favor. *See id.* at 255.

### d.    Analysis

There are no material facts in dispute. The only issue is whether Plaintiff complied with the notice of claim requirement under A.R.S. § 12-821.01(A) as a matter of law. When a federal court entertains state law claims against state entities or employees, the court is obligated to apply the state law notice-of-claim provision. *See, e.g.*, *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 432 F. Supp. 3d 1070, 1088 (D. Ariz. 2020), *aff'd in part, rev'd in part and remanded*, 24 F.4th 1262 (9th Cir. 2022).

Under § 12-821.01(A), a party seeking to bring a claim against a public entity or public employee must file a "notice of claim" with the person or persons authorized to accept service under the Arizona Rules of Civil Procedure within one hundred eighty days of the action accruing. The notice must contain "facts sufficient to permit the public entity . . . or public employee to understand the basis on which liability is claimed" and a "specific amount for which the claim can be settled and the facts supporting that amount." *Id.* Where, as here, a "claimant asserts a claim against a public entity and a public

1  employee, the claimant must give notice to both the public entity and the public employee."

2  *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003) (citing *Crum v. Superior*

3  *Court*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996)). Failure to file the required notice of claim

4  bars the claim. § 12-821.01(A); *see also Falcon ex rel. Sandoval v. Maricopa County.*, 144

5  P.3d 1254, 1256 (2006) ("If a notice of claim is not properly filed within the statutory time

6  limit, a plaintiff's claim is barred by statute.").

7        Plaintiff's cause of action accrued on December 20, 2024, the date of the encounter

8  with Officers. Accordingly, Plaintiff had until June 18, 2025, to file notices of claim in

9  compliance with § 12-821.01(A). For the following reasons, Plaintiff failed.

10                    **i.    Plaintiff did not timely serve the Officers.**

11        Under Arizona Rule of Civil Procedure 4.1(d), "an individual may be served"

12  personally, by leaving a copy of the document at the individual's dwelling, or by

13  "delivering a copy . . . to an agent authorized by appointment or by law to receive service

14  of process." Here, the City Clerk had written authorization to accept service on behalf of

15  Apodaca, Glesinger, and Giles. A City Clerk employee accepted notice from Plaintiff on

16  behalf of Apodaca, Glesinger, and Giles on two occasions: June 20, 2025, and June 25,

17  2025. Because Plaintiff did not provide these notices until two and seven days after the

18  180-day statutory deadline, respectively, the notices to Apodaca, Glesinger, and Giles were

19  untimely.

20        Further, Plaintiff does not allege she served Hawkins with a notice of claim (Doc.

21  33) and Defendants' Answer asserts Hawkins was never personally served. (Doc. 20 at 4.)

22  As such, Plaintiff's claim against Hawkins is barred. § 12-821.01(A).

23        Plaintiff argues that because she served the COT on January 24, 2025 with a timely

24  notice of claim that implicated Officers, she substantially complied with § 12-821.01(A). [3]

25  ─────────────────────
   [3] Plaintiff also attaches as Exhibit C to her Response a notice of claim purportedly accepted
26  by a City Clerk employee on behalf of the COT and Apodaca dated March 6, 2025.
   (Doc. 33-1 at 12.) However, this document is not properly authenticated, *see Orr v. Bank*
27  *of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002), and Plaintiff does not make any
   argument pertaining to this document. (*See generally* Doc. 33.) And even though this notice
28  would have been timely, it fails to provide a "specific amount for which the claims can be
   settled," and facts that explain the alleged basis for liability, as required under
   § 12-821.01(A). This notice does not satisfy the requirements of § 12-821.01(A).

(Doc. 33 at 1–2.) She also points out that Officers had actual notice of her claims. *Id.* But Arizona courts are clear: claimants must "strictly comply with the statute." *City of Mesa*, 557 P.3d at 319. Even "[a]ctual notice and substantial compliance do not excuse failure to comply with the statutory requirements of . . . § 12-821.01(A)." *Falcon ex rel.*, 144 P.3d at 1256. And "[p]roviding notice to a governmental agency fails to suffice to give notice to the individual employee." *Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1988). Plaintiff's timely notice to the COT did not satisfy the statutory notice requirement as to Officers. As such, Plaintiff's state law claims against the Officers are barred as untimely.

### ii.    Equitable estoppel does not apply.

Arizona's statutory notice of claim requirement is a "procedural requirement . . . subject to waiver, estoppel and equitable tolling." *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990). "Equitable estoppel 'precludes a party from asserting a right inconsistent with a position previously taken to the prejudice of another acting in reliance thereon.'" *McLaughlin v. Jones*, 401 P.3d 492, 501 (Ariz. 2017) (quoting *Unruh v. Indus. Comm'n*, 301 P.2d 1029, 1031 (Ariz. 1956)). In Arizona, the elements of equitable estoppel are: "(1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Valencia Energy Co. v. Ariz. Dep't of Rev.*, 959 P.2d 1256, 1267–68 (Ariz. 1998).

Here, Plaintiff argues that because the Officers' attorney instructed her via email on April 21, 2025, "not to reach out to any City or TPD employee . . . regarding this case and issues surrounding the claims you make in this lawsuit," she believed the attorney accepted service for the Officers. (Doc. 33 at 1–2; Doc. 33-1 at 6–9.) This belief is unfounded and does not support an equitable estoppel defense.

First, in the Officers' filings to this Court, they have always maintained Plaintiff did not comply with the notice of claim requirements. (*See* Doc. 4 at 5; Doc. 20 at 4.) Officers' current position is not inconsistent with their past position on this issue, as required to apply equitable estoppel under Arizona law. *See Valencia Energy Co.*, 959 P.2d at 1267–68.

Second, the April 21, 2025 email's broader context makes clear Officers' attorney did not indicate she was accepting service for Officers. (*See* Doc. 33-1 at 6–9.) The attorney contacted Plaintiff via email because Plaintiff had been corresponding with a COT employee regarding an internal investigation into the December 20, 2024 incident. (*Id.* at 7.) The email instructed Plaintiff to cease that contact and communicate with the attorney instead. (*Id.* at 7–8.) The email does not mention notices of claim or acceptance of service on the Officers' behalf from the Officers' attorney. (*See id.* at 6–9.) And the email chain does not satisfy § 12-821.01(A), lacking facts to understand the basis on which Plaintiff claims liability and the "amount for which the claim can be settled."

Third, any potential reliance on the attorney's email should have been dispelled when Defendants filed their Answer on June 16, 2025. (*See* Doc. 20 at 4.) The Answer asserts the affirmative defense that "Plaintiff failed to personally serve Defendants Apodaca, Glesinger, Giles, and Hawkins with a notice of claim pursuant to A.R.S. § 12-821.01." (*Id.*) Plaintiff therefore had notice at least two days before the § 12-821.01(A) deadline ran that she had not adequately served the Officers.

Because Plaintiff failed to satisfy the notice of claim requirements under A.R.S. § 12-821.01(A), the Court will dismiss her False Arrest and Imprisonment and IIED claims as to Officers. Plaintiff also alleged in her Complaint that COT is liable under both claims for Officers' actions and so these two claims remain as against the COT. *See Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 528 P.3d 139, 150 (Ariz. 2023) ("[W]hen tort claims against an employee are not actually adjudicated, dismissal of the employee-claim does not summarily require dismissal of the respondeat superior claim.").

## V.    Leave to Amend

"Leave to amend can and should generally be given, even in the absence of such a request by the party," unless amendment would be futile. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). Although Plaintiff's prior attempts to amend her FAC were insufficient, the Court does not think that any future amendment would be futile. Plaintiff may be able to modify her proposed SAC to state a viable claim for False Arrest under 42 U.S.C. § 1983. So long as Plaintiff's request to amend tracks the claims in her

Motion for Leave to File Second Amended Complaint, the Court sees good reason to extend the deadline to amend pleadings and Plaintiff need not address Rule 16 in her motion.[4] As such, Plaintiff has leave to file a motion to amend her FAC within 20 days of this Order.

The Court reminds Plaintiff future motions to amend must comply with the requirements in Rule 15 and LRCiv. 15.1. The Court also cautions Plaintiff that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must include factual allegations, taken as true, that allow the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Finally, an amended complaint supersedes the original complaint and renders the original without legal effect. *See Lacey*, 693 F.3d at 927.

**VI.    Order**

Upon consideration, **IT IS ORDERED:**

(1) **Without good cause appearing, denying** Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 34) and Motion for Leave to File a Third Amended Complaint (Doc. 49).

(2) **Denying** Plaintiff's Motion Under Rule 56(d) for Extension to Conduct Discovery (Doc. 48).

(3) **Granting** Officers' Motion for Partial Summary Judgment (Doc. 28) and **dismissing with prejudice** Plaintiff's state law claims for False Arrest and Imprisonment and Intentional Infliction of Emotional Distress against Defendants Antonio Apodaca, Jeffrey Glesinger, Jesse Giles, and Jennifer Hawkins.

. . . .

. . . .

. . . .

---

[4] Plaintiff's motion to amend should not assert state law claims for False Arrest and Imprisonment or IIED against the Officers, which this Order will dismiss with prejudice. Nor should the motion include a First Amendment Retaliation claim, which was untimely requested under Rule 16. *See supra* II.d.

(4) **Granting** Plaintiff leave to file a Motion to Amend her FAC within **twenty days** from the date of this Order, in compliance with Rule 15 and LRCiv 15.1.

Dated this 5th day of November, 2025.


John C. Hinderaker
United States District Judge