**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raysene Hall, | No. CV-25-00139-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Antonio Apodaca, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Raysene Hall's Motion for Leave to File a Consolidated Amended Complaint (Doc. 68). The Court will deny Plaintiff's Motion because it fails to comply with Local Rule of Civil Procedure ("LRCiv.") 15.1, Federal Rule of Civil Procedure ("Rule") 16, and this Court's November 6, 2025 Order (Doc. 60).

**I.   Plaintiff's motion to amend fails to comply with LRCiv. 15.1.**

A plaintiff wishing to amend her complaint must first comply with the filing requirements in LRCiv. 15.1:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

(Emphasis added). Plaintiff's motion fails to comply with the bolded requirements. (*See* Doc. 66.)

. . . .

**II.   Plaintiff fails to comply with this Court's Order (Doc. 60) and to show "good cause" under Rule 16.**

If the court-ordered deadline for amending pleadings has passed, Rule 16 governs. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b) provides that a "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed. R. Civ. P. 16(b). For purposes of Rule 16, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609.

This Court's Scheduling Ordering set August 25, 2025 as the deadline to amend the First Amended Complaint ("FAC"). (Doc. 26.) In its November 6, 2025 Order, this Court granted Plaintiff 20 days leave to amend her FAC. (Doc. 60.) The Court instructed Plaintiff that "so long as her request to amend tracks the claims in her Motion for Leave to File Second Amended Complaint, the Court sees good reason to extend the deadline to amend pleadings and Plaintiff need not address Rule 16 in her motion." (*Id.* at 12–13.) The Court also instructed Plaintiff that her motion should not "include a First Amendment Retaliation Claim, which was untimely under requested Rule 16." (*Id.* at 13 n.4.)

Plaintiff acknowledges that she failed to meet this Court's deadline to amend the FAC, explaining that she did not receive the Court's Order until recently. (Doc. 67.) Even setting aside that the motion is delayed, Plaintiff failed to comply with the Court's instructions and fails to show "good cause" under Rule 16. First, Plaintiff includes a claim for First Amendment Retaliation in her proposed amended complaint, in contravention of the Court's Order. Second, Plaintiff's proposed amended complaint includes new claims for substantiative due process, equal protection, and "failure to intervene." Because Plaintiff's proposed amendments do not track the claims in her Motion for Leave to File Second Amended Complaint (Docs. 34, 35), Plaintiff needed to show good cause under Rule 16. Plaintiff states that "subsequent disclosures, procedural developments, and clarification of legal theories warrant" amendment. (Doc. 68.) But Plaintiff does not explain how these disclosures and developments impacted her claims or why Plaintiff could not meet scheduling deadlines despite Plaintiff's diligence. The Court does not

believe that any of her proposed amended claims are based on new information that compelled her delayed filing and does not find "good cause" to amend its scheduling order or November 6, 2025 Order. The Court will deny Plaintiff's motion.

**V.     Any future attempts to amend must show "good cause" under Rule 16.**

"Leave to amend can and should generally be given, even in the absence of such a request by the party," unless amendment would be futile. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018). Nonetheless, because the Court's deadlines to amend the FAC in its Scheduling Order (Doc. 26) and November 6, 2025 Order (Doc. 60) have passed, Plaintiff may only amend her FAC in the future if she first shows "good cause" under Rule 16.

The Court cautions Plaintiff that her attempts to amend her FAC are not limitless. A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Rsrv., N. Dakota & S. Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990)). Plaintiff already amended her complaint once (Doc. 19) and has sought to amend her complaint seven times. (*See* Docs. 8, 13, 22, 34, 46, 49, 65). Even applying the more liberal standard for pro se plaintiffs, denying leave to amend is appropriate when a plaintiff continually fails to "correct the deficiencies" outlined by the district court. *Gimbel v. California*, 308 F. App'x 123, 124 (9th Cir. 2009).

**III.     Order**

**IT IS ORDERED denying** Plaintiff's Motion for Leave to File a Consolidated Amended Complaint (Doc. 68).

Dated this 5th day of January, 2026.

_____
John C. Hinderaker
United States District Judge